STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-14

JOANNE P. ALLEY
d/b/a ALLEY & MORRISETTE
REPORTING SERVICE,

Petitioner

v.

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

Respondent

**DECISION AND ORDER**

This matter is before the court on petitioner's petition for review of final agency action pursuant to 5 M.R.S.A. § 11001 *et seq.* and M.R. Civ. P. 80C. It seeks judicial review of a decision of the Maine Unemployment Insurance Commission Decision that court reporters referred by petitioner to cover reporting assignments when petitioner is unable to do so causes those court reporters to be petitioner's employees pursuant to 26 M.R.S.A. § 1043.

Petitioner operates a court reporting service providing service to individual clients of recording and transcribing proceedings or transcribing proceedings from a provided recording. She has a number of regular clients whom she attempts to retain as clients by assuring that she is available to perform the services at the date, place and time requested by the client. When it is impossible for her to do so, she refers the job to other independent court reporters or transcriptionists. In an attempt to retain her client base, sometimes she bills the client for the reporting work done by other independent reporters and sometimes she even takes a fee for the referral. There are occasions when a client refers transcript issues to petitioner which she forwards to the court reporter or

transcriptionist in question but takes no role in correcting or addressing the issue. Petitioner performs reporting or transcription services at the locations designated by the client which, while usually in an office, can be any place including public facilities. There is no limit geographically as to time and date or as to subject matter.

As part of an industry-wide audit, the respondent Commission made a determination that the court reporters and transcriptionists to whom petitioner made referrals constitute employees for purposes of the Unemployment Compensation Law which therefore obligates the petitioner to contribute to the Unemployment Compensation Fund. Petitioner disputes this conclusion and has exercised her rights at the various appellant levels for consideration and reconsideration of the facts. The matter came before the respondent Commission as a result of petitioner's appeal from a determination issued by the Maine Department of Labor, Bureau of Unemployment Compensation Tax Division, that services provided for or in connection with a business of the employing unit is employment under 26 M.R.S.A. § 1043(11)(E) and that the employing unit is liable for taxation to the Fund under 26 M.R.S.A. § 1221. After hearing, the Commission affirmed the determination of the Unemployment Compensation Tax Division and a majority found that the petitioner did not meet the requirements of the statutory test for exception from contribution. A dissenting opinion was made part of the Decision by the Commission Chairman.

Title 26 M.R.S.A. § 1043(11)(E) provides:

E.    Services performed by an individual for remuneration shall be deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the bureau that:

1.    Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

2. Such service is either outside the usual course of the business for which such service is performed, or that such services performed outside of all places of business of the enterprise for which such service is performed; and

3. Such individual is customarily engaged in an independently established trade, occupation, profession or business.

This statute is known as the ABC test describing the three conditions under which a person is not deemed an employee for purposes of the Unemployment Compensation Law. In this case, it is agreed by all parties that the first provision and the third provision have clearly been met under the circumstances, that the court reporters and transcriptionists in question are free from control and direction by the petitioner and that the court reporters and transcriptionists are customarily engaged in an independently established occupation. However, it is also agreed that with regard to the second subparagraph, the service provided by the referred court reporters and transcriptionists are not outside the usual course of petitioner's business. The issue is whether the service performed by the referred court reporters and transcriptionist is "outside of all the places of business of the enterprise for which such service is performed."

Both parties refer the court to *McPherson Timberlands v. Unemployment Insurance Commission*, 1998 ME 177, 714 A.2d 818, to support their positions. The petitioner notes that in the absence of disputed fact, it is this court's obligation to review the case *de novo* to determine whether the Commission correctly interpreted the law. Citing *Outdoor World Corp. v. Unemployment Insurance Commission*, 542 A.2d 371 (Me. 1988). Noting that the referred court reporting agencies are independently established businesses either in competition with each other or in separate geographic areas, maintain separate places of business and are responsible for their unemployment tax payments and liabilities, the petitioner argues that the locations of the reporting services are wide and

varied and completely controlled by the party requesting the court reporting services. None of the work is performed at the petitioner's office or place of business. While recognizing that the employer's place of business may be something other than its actual office, petitioner argues that "a significant and business related presence" at the location is required. Citing *McPherson Timberlands v. Unemployment Insurance Commission*, 1998 ME 177, ¶ 17. Petitioner emphasizes the significant factual deference in the activities performed by the plaintiff in the *McPherson* case with the petitioner in this instance including the degree to which McPherson supervised or otherwise monitored the work and its direct relationship with the client. Petitioner further argues that the Commissioner's interpretation of the place of business leads to a ridiculous result inasmuch as depositions may be taken at any location and the Commission's interpretation would negate any conceivable location outside of petitioner's place of business. Petitioner argues a consideration of the entire statutory scheme and the purpose of the Employment Security Law. Finally, the petitioner compares the working relationship of petitioner with the court reporters and transcriptionists as similar to the referral practices conducted by doctors and lawyers in a "coverage" situation.

The respondent stresses the obligation of the court to broadly interpret employment terms under the Employment Security Law to meet its policy goals and to use a definition so as to include presumptively "any services performed by an individual for remuneration." Citing *Vector Marketing Corp. v. Maine Unemployment Ins. Comm'n*, 610 A.2d 272, 274 (Me. 1992). Respondent further notes the burden the law places on the petitioner refuting the presumption that services performed for remuneration constitute employment. Citing *Hasco Mfg. Co. v. Maine Employment Security Comm'n*, 158 Me. 413, 415 (1962). The Commission argues that while petitioner has satisfied the first and third requirements of the exception statute, there is competent

evidence in the record to support the Commission's determination that petitioner failed to satisfy the second requirement. Respondent cites *McPherson*, 1998 ME 177, ¶ 17, 714 A.2d 818, 823, for the proposition that an employee's place of business is not limited to its home or central office and that an employing unit's significant and business-related presence at the location disputes determines whether it is a place of business. Respondent also argues that the findings in *McPherson* adopting Vermont's business territory standard in which places of business including business territory of putative employers. Citing *In re Bargain Busters, Inc.*, 130 Vt. 112, 287 A.2d 554, 558-559 (1972) noting a statute identical to that in Maine. The Commission particularly notices that the petitioner does not refer its clients to other reporter businesses routinely in order to protect its client base and that occasionally it bills its clients for work that the other court reporters have done. Respondent also notes the receipt by petitioner of percentage of a fee for some jobs.

Finally, the Commission notes its findings:

> In this case, as in *McPherson*, the employing unit had a significant and business-related presence at the places where the court reporting services were performed. The employing unit contracted directly with its clients to perform services at locations chosen by the clients. The essence of the employing unit's business, court reporting, was provided at those locations. In addition, the employing unit did not want its clients to contact the court reporters directly because it wanted to protect its client base in a competitive field. The client base is the employing unit's business territory under *In re Bargain Busters*. The employing unit's contractual relationship with its clients and its interest in protecting its client base support the finding that the services were performed within all the employing unit's places of business.

Therein lies the error of the Commission's interpretation of the statute and its analysis of the facts. There is not a shred of evidence that the petitioner had a significant and business-related presence at the places where the court reporting services were performed. There is no contractual relationship between the client and

the petitioner such as to create that business presence. Whatever attempts petitioner made to maintain its client base, the client is under no obligation to do so and the petitioner is in no position to dictate otherwise. The contract is between the court reporter or transcriptionist actually performing the services at the location designated by the client. It becomes the place of business of the referred court reporter and transcriptionist, not the petitioner. To the extent that the petitioner maintains communication with the client for future business or even to facilitate billing, and whatever "coverage" or "brokerage" or "agency" description may be used to define the billing, there is no evidence to create a legal relationship such to enable the Commission to find, as a matter of law, that those facts constituted a "significant and business-related presence at the places where the court reporting services were performed." The client base is simply a list of entities with which the petitioner normally does business and, while the petitioner may have an expectation which she would be the first to be called when the client has the need, that relationship does not exist as a matter of performance once the referral is made to the independent court reporter or transcriptionist.

As noted in the dissent by the Chairman of the respondent Commission, unlike the employing unit in *McPherson*, the petitioner did not have any business-related presence and was not physically present at the job site. While the employing unit has an interest in the quality of service, it does not review any of the work. The dissent discusses the Maine Employment Security Law and notes that nothing in the facts presented in this case is consistent with its purpose. Finally, the dissent notes:

> A rigid interpretation of prong B, as suggested by the agency, would have the effect of treating all incidental referrals by doctors and lawyers, among others, to their colleagues in the profession, as employment. Such an extension of the definition of employment would affect in an adverse tax

manner the operations of various businesses that need to make only occasional referrals.

The entry will be:

The decision of the State of Maine Unemployment Insurance Commission in the matter Alley & Morrisette Reporting Service, Case No. 03-E-09074 dated 23 January, 2004, is REVERSED.

Dated: April___20___, 2005

Donald H. Marden
Justice, Superior Court

Date Filed __2/24/04__  _____Kennebec_____  Docket No. __AP04-14__
                                    County

Action ____Petition for Review____
                  80C


# J. MARDEN


____Joanne Alley d/b/a Alley & Morrisette__ VS. ____Maine Unemployment Insurance Commission__

Plaintiff's Attorney          Reporting Service          Defendant's Attorney

    Stephen E.F. Langsdorf, Esq.                            Pamela W. Waite, AAG
    45 Memorial Circle                                      Elizabeth J. Wyman, AAG
    P.O. Box 1058                                           6 State House Station
    Augusta, Maine 04332-1058                               Augusta, Maine 04333-0006


| Date of Entry | |
|---|---|
| 2/24/04 | Petition for Review of Final Agency Action, filed. s/Langsdorf, Esq. |
| 3/1/04 | Letter entering appearance, filed. s/Waite, AAG |
| 3/25/04 | Administrative Record, filed. s/Waite, AAG |
| 3/25/04 | Notice of briefing schedule mailed to attys of record. |
| 5/5/04 | Petitioner's Motion for Extension of Time Within Which to File Brief with Proposed Order, filed. s/S. Langsdorf, Esq. (No objection) |
| 5/5/04 | ORDER ON PETITIONER'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE BRIEF, Studstrup, J. The deadline will be May 28, 2004. Copies mailed to attys of record. |
| 5/28/04 | Petitioner's Second Motion for Extension of Time Within Which to File Brief, filed. s/Langsdorf, Esq. Proposed Order, filed. |
| 6/4/04 | Petitioner's Brief, filed. s/Langsdorf, Esq. |
| 6/9/04 | ORDER ON PETITIONER'S SECOND MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE BRIEF, Marden, J. Copies mailed to attys of record. |
| 7/6/04 | Respondent's Motion for Extension of Time in Which to Serve Respondent's Brief with Proposed Order, filed. |
| 7/12/04 | ORDER ON MOTION FOR EXTENSION, Marden, J. Time to serve brief enlarged to July 26, 2004. Copies mailed to attys. |
| 7/28/04 | Brief of Respondent Maine Unemployment Insurance Commission, filed. s/Waite, AAG |

Notice of setting for____11/3/04____

sent to attorneys of record.